# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA,

v.

DEXTER WARDELL LOVETT, JR.

DEFENDANT.

Case Number: 6:24-cr-297-1

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE, DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

Defendant Dexter Wardell Lovett, Jr., by and through his undersigned counsel, moves this Honorable Court for a downward variance below the recommended guideline range of imprisonment of 235-293 months. (PSR ¶ 172)

## Title 18 § 3553(a)

Title 18 § 3553(a) provides that "[t]he court shall impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing. The relevant sentencing objectives are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and rehabilitate the defendant in the most effective manner; (3) the kinds of sentences available; (4) the Guidelines range; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparity among similarly situated defendants; and (7) the need to provide restitution to victims of the offense.

## The history and characteristics of Dexter Lovett, Jr.

Dexter Wardell Lovett, Jr. (Dexter) is 27 years old and was raised primarily by his mother and paternal grandmother in Spartanburg during his youth. Dexter was closer to his grandmother than he was to any other family member. He resided with her throughout much of his childhood and her loss several years ago had a devastating impact on him. From ages 13-17, Dexter from

1

time-to-time lived with his cousin in Florida, who was in the United States Navy. He stated the main reason his cousin had him live with her was to babysit his cousin's children when she was away for training. Dexter's father's involvement with the family was sporadic and not particularly positive. His parents reunited when Dexter was in high school, but his father's reemergence was not without a different type of hardship on the family. By the time he was a teenager, both of Dexter's parents had a strained relationship with him. Thankfully his relationship with his mother has improved in recent years.

### USSG § 5H1.1 Age (Policy Statement)

Effective November 1, 2024, the United States Sentencing Commission published additional guidance as follows:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

> Dexter's background squarely fits the above scenario. His immediate familial environment contributed heavily to his involvement in drug trafficking. His father had been absent prior to Dexter's teenage years and was not a particularly positive influence even when he was around. During Dexter's early childhood, his father became a heavy user of marijuana and was a severe alcoholic. He also had a long-standing addiction to crack cocaine. When Dexter was just 16 years old, on more than one occasion, his uncle took him to California to secure a source for marijuana.

Early on, marijuana trafficking became normalized for him. Dexter, young and impressionable, saw what he believed to be an easy pathway to making money. As the preceding policy statements illustrates, youthful individuals are more easily influenced by others. Dexter was 20 years old when the conspiracy began as alleged in the indictment. Many of Dexter's immediate family members have been involved with drugs. He has one uncle serving a life-sentence for murder. His father has been to prison for drug offenses. Another uncle served seven years for drug distribution and after being released, has returned to prison and is currently serving twenty-three years for illegal drug distribution. From an early age, Dexter's mindset was that selling illegal drugs was simply how people like him made a living. It is no surprise the path he chose given his early experiences and lack of guidance or direction from the adults in his life. A large part of the conduct charged in this Indictment occurred when Dexter was in his early twenties.

### Pretrial supervision

Law enforcement arrested Dexter on April 18, 2024. On June 6, 2024, he was released on bond to pretrial supervision under standard conditions with additional conditions of home detention and location monitoring. On July 25, 2024, the Court modified the condition of home detention to curfew and on February 4, 2025, the Court removed the condition of curfew and allowed the Defendant to be on stand-alone GPS. He has been an exemplary example of appropriate conduct while on bond. Since his release, he has complied with all bond conditions including drug testing. "[P]re-trial conduct, including conduct while free on bond, is an appropriate consideration under 18 § 3553 because it is relevant to the history and characteristic of the defendant, and to the need for the sentence to promote respect for the law." *United States v. Schlosser,* 558 F.3d 736, 742 (8th Cir. 2009). Sentencing is currently set for October 3, 2025. By his sentencing date, he will have completed 485 days of bond supervision with no violations.

Throughout his pretrial supervision he has requested certain bond modifications to accommodate his work schedule, new job and to be with his five-year-old daughter. He wishes to thank the Court here for its willingness to modify bond conditions thereby allowing him to work overtime and attend special school-related events with his daughter.

### Dexter has only 2 criminal history points

Dexter has two separate one-point convictions which added together establish a criminal history category of II. (PSR ¶¶ 125, 127, and 128) His first arrest and subsequent conviction occurred when he was 18 years old. The second arrest that was points countable occurred when he was 22 years old. Dexter was very young and was obviously on the wrong trajectory. During those years, he lacked the guidance that he desperately needed. Most of his peers were similarly situated. Still, his low criminal history category places him among the individuals less likely to recidivate.

### 3553(a) Considerations

The guidelines as calculated in the PSR at 235-293 months represent a sentence far greater than necessary to achieve § 3553(a) sentencing objectives. Whether by way of downward departure, or downward variance, or a combination of both, the Defendant respectfully asks the Court for significant relief. Because Dexter has never served a sentence of incarceration, any sentence of incarceration is punitive and acts as a deterrent to future criminal conduct. During the pendency of this case, Dexter has matured and has taken steps to become the person he knows he can be. He is a loving and caring father to his young daughter. He has learned to earn an honest living and budgets his money accordingly. He works nightshifts. His personal and financial priorities are taking care of his daughter and supporting her to the best of his ability. Dexter is not the same person he was at age 20 when the conspiracy began. Dexter has proven that he now respects the law and can live within its confines. He knows he faces a significant sentence of

incarceration. While in the BOP, Dexter wants to take advantage of any educational opportunity available to him. He lacks 8 hours to complete an associate degree.

Upon release, he has researched opportunities to earn his commercial driver's license and become an owner-operator. He can earn his commercial license without restrictions or impediments even with a felony conviction. He is barred from many other professions due to his status and recognizes that these convictions will limit his opportunities but the more education he attains, the better position he will put himself in going forward.

**The need to avoid unwarranted sentencing disparity among similarly situated defendants**

Each case brings with it unique individual circumstances. Every defendant presents varied backgrounds. The undersigned previously represented an individual (A.E.), in United States District Court, District of South Carolina, with very similar circumstances to Dexter; a marijuana conspiracy that involved transporting marijuana from California to the upstate of South Carolina. A.E plead guilty to Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). Dexter is considerably younger than A.E. Like Dexter, A.E. facilitated shipments of marijuana from California to upstate South Carolina. A.E was responsible for numerous firearms located and seized at his home and business. A.E. had a much more extensive criminal history than Dexter. In fact, the court determined A.E. to be a career offender; therefore, as a 924(c)-career offender his guidelines were increased from 248-295 (includes 60 months consecutive) to 262-327 months imprisonment. As with Dexter, A.E. was also assigned a 4-level leadership role. Notwithstanding the above, due to both a 5K1.1 and variance, A.E. received a sentence of time served (one day) for the Conspiracy PWID marijuana count. He received the mandatory minimum sentence of 60 months consecutive for violation of § 924(c).

## Sentencing Statistics and Considerations

Information gathered from the United States Sentencing Commission demonstrates that last year, only 35.2% of sentences imposed for marijuana trafficking were within the guideline range. For individuals who received a substantial assistance departure, the average sentence reduction was 71.7%. For those who received a downward variance, the average reduction was 49%. The guidelines as calculated in the PSR are disproportionately punitive and represent a sentence greater than necessary to achieve 3553(a) sentencing objectives. The average sentence imposed for marijuana trafficking was 37 months.

([https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Marijuana_FY24.pdf](https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Marijuana_FY24.pdf))

## Relationship with his daughter

The most important person in Dexter Lovett's life came into the world in 2019. His daughter, Eva, is currently five years old and will turn six in October. He is an extremely devoted and active participant in her life. He and Eva's mother have had an on-again off-again romantic relationship but have always maintained a positive relationship as co-parents. They make the big decisions together and share the daily responsibilities of raising a child. When he resided in Charlotte, North Carolina, they lived together as a family unit and during his time in California, Eva would visit for extended stays and Dexter would fly back to Spartanburg to keep her as well. He schedules haircuts, attends pediatrician appointments, meets with her teachers, helps plan birthday parties, makes breakfast and goes shopping for new clothes, among hundreds of other things a parent does for their child. Not all fathers, particularly young fathers, take such an active role in their child's life. He feels lucky to be able to do so.

His original bond conditions were intentionally structured in such a way to allow Eva to stay with her mom and attend school in Charlotte during the week, but Dexter could have her in Spartanburg every weekend. This Court has been gracious to allow Dexter to attend his daughter's first day of kindergarten as well as class parties and Christmas programs while on bond. He is forever grateful to have been present for those special moments with the knowledge that there will be some number of years going forward that he is unable to be there.

## Conclusion

Dexter Lovett is 27 years old and is facing the most consequential circumstances of his life. He made bad decisions at a young age, coming from less-than-ideal family circumstances but that is no excuse. He is in this position because of his own choices. Before receiving his sentence, he has already begun the long process of rehabilitation. He is now worlds away from the life he was accustomed to. He works nightshifts at a factory for hourly pay. It has been both a humbling and an eye-opening experience to learn that he is capable of a simpler but exponentially better life. The flashing lights and shiny things that draw in many young people to make poor choices tend to lose their luster as we grow older. Your perspective on life, every facet of it, changes when you become a parent and have more lived experience to rely on. Dexter knows now that there are no shortcuts in life. He has learned that lesson the hard way. The price he is paying is far greater than any benefit he ever received from distributing and facilitating the transportation of marijuana.

He would like to offer the Court several letters of support to review. (*See* Attachment A) The inevitable "getting caught" has happened. He has spent the last year and a half beginning to pay the price for the transgressions that led him here. There is no going backwards and changing what he did—all that is left to do is to move forward with a new perspective and see what and who he becomes. Both Dexter and his daughter deserve his absolute best efforts.

/s/ AnneMarie Haynsworth Odom
AnneMarie H. Odom #12735
AnneMarie Odom Law
21 Augusta Street
Greenville, South Carolina 29601
annemarie@annemarieodomlaw.com

Greenville, South Carolina
September 26, 2025