| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 6:24-cr-00297-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | |
| DEXTER WARDELL LOVETT, JR., | ) | |
| a/k/a "Guap" | ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO DEXTER WARDELL LOVETT, JR.**

This matter is before the court on the motion of the United States for a Preliminary Order

of Forfeiture as to Defendant Dexter Wardell Lovett, Jr., ("Lovett", "Defendant"), based upon the

following:

1.    On July 9, 2024, a Superseding Indictment ("Indictment") was filed charging Lovett

with:

| | |
|---|---|
| Count 1: | Conspiracy to possess with intent to distribute and distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846; |
| Counts 5 & 7: | Possession of a firearm and ammunition, after having been convicted of a felony punishable by more than a year in prison, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e); |
| Counts 6, 8, 15 & 19: | Possession with intent to distribute a quantity of marijuana and did aid and abet another in this offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); |
| Counts 20-24 & 26: | Conspiracy to commit, and did commit, money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1957; |
| Counts 27, 28, 30 & 31: | Conspiracy to commit, and did commit, wire fraud, in violation of 18 U.S.C. § 1343; |
| Counts 32-24: | Conspiracy to commit aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); |

<table>
<tr><td>Count 36:</td><td>Possession of firearms and ammunition, after having been convicted of a felony punishable by more than a year in prison, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) and 924(e).</td></tr>
</table>

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Lovett's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

A. Money Laundering/Forfeiture Judgment:[1]

A sum of money equal to all property involved in the money laundering offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violations of 18 U.S.C. §§ 1956 and 1957.

B. Drug Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violations of 21 U.S.C. §§ 841 and 846.

C. Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violations of 18 U.S.C. §§ 1343 and 1349.

D. Firearm:

Glock 23 Gen 5 .40 caliber pistol
Serial Number: BSRK063
Seized from: Dexter Wardell Lovett, Jr.

---

[1] The government is not pursuing a forfeiture judgment related to money laundering, drug proceeds or proceeds against the defendant.

E.     Ammunition:

Miscellaneous rounds of 9mm ammunition
Seized from: Dexter Wardell Lovett, Jr.

F.     Jewelry:

(1)     10KT White gold diamond Jesus pendant and chain, 18.5" long, One (1)
Seized from Dexter Lovett on 4/18/24
Asset ID: 24-FBI-004602

(2)     10KT White gold skull pendant and chain, 18.5" long, One (1)
Seized from Dexter Lovett on 4/18/24
Asset ID: 24-FBI-004602

3.     On August 20, 2024, Lovett signed a plea agreement, agreeing to forfeiture, in which the government agreed to allow Lovett to plead guilty to conspiracy to possess with intent to distribute and distribute 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  On September 4, 2024, Lovett pled guilty to the lesser included offense of Count 1 and to Count 20.

4.     Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to  21 U.S.C. § § 853 and 881 and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which Lovett has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.     The below-described property, and all right, title, and interest of the Defendant,

Dexter Wardell Lovett, Jr., in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

A. <u>Firearm</u>:

Glock 23 Gen 5 .40 caliber pistol
Serial Number: BSRK063
Asset ID: 24-FBI-006937

B. <u>Ammunition</u>:

Miscellaneous rounds of 9mm ammunition
Asset ID: 24-FBI-006937

C. <u>Jewelry</u>:

(1) 10KT White gold diamond Jesus pendant and chain, 18.5" long
Asset ID: 24-FBI-004602

(2) 10KT White gold skull pendant and chain, 18.5" long
Asset ID: 24-FBI-004602

2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence

proceedings that comply with statutes governing third party rights.

5.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.    Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.   Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

11.   The Clerk, United States District Court, shall provide one (1) certified copy  of this

Order, p. 5 of 6

Order to the United States Attorney's Office.


AND IT IS SO ORDERED.

_s/ Donald C. Coggins Jr._____
DONALD C. COGGINS, JR.
UNITED STATES DISTRICT JUDGE

_October 10_____, 2024
Spartanburg, South Carolina